IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CECIL L. KIRKLEY**                                                             **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO: 2:11CV29 KS-MTP**

**FRED'S INC., INDIVIDUALLY AND d/b/a
FRED'S DOLLAR STORE; FRED'S STORES OF
MISSISSIPPI, INC., INDIVIDUALLY AND d/b/a
FRED'S DOLLAR STORE; FRED'S STORES
OF TENNESSSEE, INC., INDIVIDUALLY AND
d/b/a FRED'S DOLLAR STORE; JOHN DOE
PERSON(S) and JOHN DOE ENTITY(IES)
1 THROUGH 10**                                                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion for Summary Judgment **[#28]** filed on behalf of the defendant, Fred's Stores of Tennessee, Inc. (Fred's). The court, having reviewed the motion, the response, the pleadings and exhibits on file, the authorities cited, the briefs of counsel and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

**BACKGROUND**

.Plaintiff, Cecil Kirkley is an adult resident citizen of Jefferson Davis County, Mississippi, and was an invitee at the Fred's store located in Prentiss, Mississippi on January 3, 2011. According to Kirkley's testimony, she was shopping in the store at approximately 3:30 p.m. when she when she slipped on liquid Purex washing detergent

and fell in aisle number 5. Aisle 5 is located at the farthest end of the store and is not visible from the registers located at the front of the store. Kirkley conceded she did not know how the substance came to be on the floor, how long the substance had been on the floor prior to her fall and has provided no evidence that the employees at Fred's caused the substance to be on the floor or knew it was on the floor at any point prior to her fall. Indeed, there is no testimony from any witness presented by Kirkley to show Fred's employees had caused the bottle to be on the floor or had knowledge it was on the floor prior to the fall.

In contrast, Carrie Boothe, Operations Expert for Fred's, unequivocally testified that she worked in the area from the time she arrived at the store at approximately 12:00 p.m. Boothe testified that employees periodically and frequently inspect the aisles of the store throughout the day, specifically to identify and correct any potential hazards. Booth testified without contradiction that she inspected the aisle where the accident occurred at 3:00 p.m. and nothing was on the floor.

Boothe also investigated the incident on behalf of Fred's. As part of her investigation, Boothe took photographs of the store after Kirkley was helped to a seated position and removed by medical transport. Boothe cleaned the area and roped off the aisle. She photographed the aisle after the cleanup efforts were undertaken. Boothe further testified that no one from Fred's knew the substance was on the floor prior to Kirkley's fall, how it came to be on the floor or how long it was on the floor.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment

where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id*. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477

U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984). The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn

allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **ANALYSIS**

To prevail in her negligence claim, Kirkley must prove by a preponderance of the evidence the following elements:

1. A duty owed by the defendant to her;
2. A breach of that duty;
3. Damages; and
4. A causal connection between the breach and the damages, such that the breach is the proximate cause of the damages.

*Grisham v. John Q. Long V.F.W. Post*, 519 So. 2d 413, 416 (Miss. 1988).

Fred's has admitted that it owed to Kirkley the duty owed to an invitee on its business premises.  Its motion has challenged Kirkley's ability to prove a breach of duty by the defendants.  The court notes that in order for Kirkley to prevail against Fred's challenge on its Motion for Summary Judgment, she must make a showing sufficient to establish the existence of Fred's breach of duty on which she will bear the burden of proof at trial.  See *Celotex Corp. v. Catrett*, supra at 322.  This she has failed to do.

Under Mississippi law an owner, occupant or person in charge of a premises owes a business invitee the duty to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care. *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283 (Miss. 1986). When a dangerous condition on the business premises is caused by the owner's or occupier's own negligence, no knowledge of its existence need be shown. However, when a dangerous condition on the business premises is caused by third persons unconnected with the store, the burden is upon the non-moving party to show the owner or occupier had actual or constructive knowledge of the condition. *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So. 2d 293 (Miss. 1988) (citing *Waller*, *supra*).

Kirkley first argues that Fred's created the dangerous condition that injured her by maintaining its shelves in a hazardous manner. She contends the shelves were overstocked, overcrowded, and unsecured and that portions of the liquid merchandise hung off the shelf thereby increasing the likelihood that it could fall from the shelf and create a slipping hazard to invitees. She further argues there was no stopper, lip, rail or other device to prevent the items from falling off of the shelf and that Fred's negligently allowed clear liquid detergent to cover its aisle in such a manner as to constitute a hazard to her. Ultimately, Kirkley concludes that Fred's negligently failed to provide a safe and proper place for its customers and/or business invitees to shop for goods and negligently failed to warn customers and/or business invitees that there was a hazardous condition present by virtue of the exposed liquid. Thus, according to Kirkley, Fred's permitted such a hazardous and dangerous condition to exist long enough to

impute constructive knowledge of the existence of such condition prior to Kirkley's fall.

In making these arguments, Kirkley cites to no testimony from Fred's employees or any other witnesses that the shelves were overstocked. She cites to no testimony from Fred's employees, any other witnesses or cites any documents that the shelves were either overstocked or that the merchandise was improperly displayed. There is no expert opinion or any citation to any regulation requiring rails or stoppers on the shelves or that the method of displaying merchandise was not proper. Kirkley cites no specific evidence whatsoever regarding any alleged stacking or stocking procedures which were violated nor does she cite to any policies regarding the number of persons to staff the store at any given time. There is simply no evidence before the court that Fred's had actual knowledge of any substance on the floor at the place where Kirkley fell or that any of its employees had a hand in placing any substance there.

To the extent Kirkley is relying on the constructive knowledge of Fred's that there was a substance on the floor which created a danger to Krikley about which it failed to warn, Kirkley's claim also fails. Constructive knowledge is established by the proof that the condition existed for such a length of time that, in the exercise of reasonable care, the owner or occupier should have known of it. *Douglas v. Great Atlantic and Pacific Tea Company*, 405 So. 2d 107,120 (Miss. 1981); *Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes*, 247 Miss. 575,584, 156 So. 2d 734,736 (1963). There is absolutely no proof before the court that any substance was on the floor for a sufficient amount of time to put Fred's on constructive notice of its presence. In fact, Boothe testified that she passed through the area of Kirkley's fall mere minutes before the fall and saw nothing out of place.

Regarding the passage of time and constructive notice, the Mississippi Supreme Court has stated:

> It does not follow that because the store opened at 8:00, that at precisely that time some person threw a dark object on the floor. It is just as logical to assume that the object was thrown there two or three minutes before she stepped on it, and such presumption is not sufficient to sustain a recovery on the theory that the object had been placed there or remained there for a sufficient length of time so that appellee, by the exercise of reasonable care, should have known of the dangerous commission and removed the object from the floor.

*Aultman v. Delchamps*, 202 So.2d 922, 924 (Miss. 1967); *See also Waller v. Dixieland Food Stores, Inc.*, 492 So.2d at 296. The proof presented is insufficient to prove constructive notice. *See, Mergendahl v. C.J. Gayfer and Company, Inc.*, 659 F.Supp. 351 (S.D. Miss. 1987).

There is no evidence in this record to lead a finder of fact, using reasonable inferences or otherwise, to a conclusion as to the origin of the Purex liquid detergent on the floor or the length of time it had been there prior to Kirkley's fall. Kirkley has offered no proof that Fred's or its employees were aware of the liquid on the floor prior to Kirkley's fall and has further failed to present any evidence that Fred's or any of its employees placed the liquid on the floor or that Fred's had any knowledge, actual or constructive, of the liquid prior to Kirkley's fall.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#28]** filed on behalf of the defendant, Fred's Stores of Tennessee, Inc. is Granted and the plaintiff's Complaint is dismissed with prejudice and that any other pending motion are denied as moot. A separate judgement shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 28th day of March, 2012.

                                                 *s/Keith Starrett*
                                               UNITED STATES DISTRICT JUDGE